María Teresa Maldonado, Daniel Buonomo López y Monserrate Morales, recurrentes, *v.* El Registrador de la Propiedad de Caguas, recurrido.

Núm. 1201.—*Sometido:* Enero 13, 1947. *Resuelto:* Abril 24, 1947.

*Severo Abella Bastón,* abogado de los recurrentes; el registrador recurrido no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El problema hipotecario envuelto en este caso es muy sencillo. Por escritura de 17 de octubre de 1927 ante el notario Andrés Mena Latorre, se constituyó una hipoteca por los esposos Luis Díaz Morales y María Teresa Maldonado, a favor de Angel Buonomo Tomasini y Daniel Buonomo López, en garantía de los cánones de dos fincas que los acreedores hipotecarios habían dado en arrendamiento al Sr. Luis Díaz Morales. El 14 de octubre de 1932, los acreedores hipotecarios firmaron y entregaron al deudor un documento privado en el que consignaron que habían recibido de éste el pago total del último canon de arrendamiento, y que se obligaban a otorgarle, tan pronto como los requiriese para ello, la correspondiente escritura de cancelación de hipoteca.

El 8 de octubre de 1946, ante el notario Andrés Mena Latorre, Daniel Buonomo López otorgó escritura de cancelación de la hipoteca antes mencionada, transcribiéndose en la misma el documento privado que hemos reseñado anteriormente, pero no compareció el otro acreedor hipotecario Angel Buonomo Tomasini:[1] Presentada la escritura de cancelación en el Registro de la Propiedad de Caguas, el Registrador denegó su inscripción por haber sido otorgada por Daniel Buonomo López sin el concurso del otro acreedor, to-

---

[1] Tal parece que el documento privado se transcribió en la escritura para subsanar la incomparecencia de Angel Buonomo Tomasini.

mando anotación preventiva por el término legal de 120 días a favor del deudor hipotecario. Contra esta nota se interpuso el presente recurso.

La transcripción del documento privado en la escritura no lo convirtió en la escritura o documento auténtico que para cancelar una hipoteca exige el primer párrafo del art. 82 de la Ley Hipotecaria, que dice así:

"Las inscripciones . . . hechas en virtud de escritura pública, no se cancelarán, sino . . . por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción . . . o sus causahabientes o representantes legítimos."

No apareciendo de la escritura de cancelación que el acreedor hipotecario Angel Buonomo Tomasini, ni sus causahabientes o representantes legítimos,([2]) hubieran expresado su consentimiento por escritura o documento auténtico, para la cancelación de la hipoteca, actuó correctamente el Registrador al denegar la inscripción.

*Se confirma la nota recurrida.*

---

([2]) Tratando de variar su teoría expuesta en el escrito inicial, el recurrente presentó un escrito enmendado acompañado de una copia no inscrita del testamento de Ángel Buonomo Tomasini, en el cual el testador instituyó a Daniel Buonomo López como heredero de una cuarta parte del tercio de su herencia. Arguye el recurrente, que en su carácter de heredero, podía otorgar la cancelación total. Sin entrar en otras consideraciones, cabe preguntar ¿Con qué derecho el heredero de una doceava parte de la herencia indivisa puede cancelar la totalidad de una hipoteca perteneciente al caudal?